# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR00-3006-MWB |
| vs. | ORDER REGARDING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| DENNIS ALVIN SHAFER, | |
| Defendant. | |

_____

## I.  INTRODUCTION AND BACKGROUND

The court has before it defendant Dennis Alvin Shafer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  If it plainly and conclusively appears from the face of a section 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion.  28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Defendant Shafer entered an Alford plea to five counts of an indictment which charged him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, distribution of methamphetamine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860, and possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3).  Defendant Shafer was sentenced to a term of 168 months imprisonment and six years of supervised release. Defendant Shafer did not appeal his conviction and sentence.

Defendant Shafer filed his current § 2255 motion in which he challenges the validity of his conviction and sentence on the following grounds: (1) that the court erred in not granting his motion for downward departure based on diminished capacity; (2) that his counsel was ineffective in more than one respect; (3) that the court erred in its calculation of the correct sentencing guideline range and offense level; and, (4) the court imposed an illegal term of supervised release.

## II. LEGAL ANALYSIS

### A. Standards Applicable To § 2255 Motions

The Eighth Circuit Court of Appeals has described 28 U.S.C. § 2255 as "the statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). In *Poor Thunder*, the court explained the purpose of the statute:

> [Section 2255] provides a remedy in the sentencing court (as opposed to habeas corpus, which lies in the district of confinement) for claims that a sentence was 'imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'

*Id*. at 821 (quoting 28 U.S.C. § 2255). Of course, a motion pursuant to § 2255 may not serve as a substitute for a direct appeal, rather "[r]elief under [this statute] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

The failure to raise an issue on direct appeal ordinarily constitutes a procedural

default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997), *cert. denied*, 118 S. Ct. 730 (1998); *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996), *cert. granted*, 118 S. Ct. 31 (1997); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) (citing *United States v. Frady*, 456 U.S. 152 (1982)). This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. *United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews*, 114 F.3d at 113; *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997) (per curiam). A defendant may surmount this procedural default only if the defendant "'can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted.'" *Matthews*, 114 F.3d at 113 (quoting *Bousley*, 97 F.3d at 287); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### B. Analysis Of Issues

#### 1. Procedural default

It is clear from the motion that defendant Shafer never attempted an appeal on any of his grounds for relief. The Eighth Circuit has pointed out that "[a] motion under § 2255 is not a substitute for a direct appeal." *Anderson v. United States*, 25 F.3d 704, 705 (8th Cir. 1994); *see Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993); *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Rather, "it is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Auman*, 67 F.3d at 161 (quoting *Wilson*, 997 F.2d at 431). The failure to raise these issues earlier may constitute

3

procedural default. *Ford v. United States*, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam); *Reid*, 976 F.2d at 448. The Eighth Circuit has

> made the general statement that relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice. *Reid*, 976 F.2d at 448. As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan*, 867 F.2d at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992); *see Davis v. United States*, 417 U.S. 333, 345 & n.15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *Capua*, 656 F.2d at 1037 (same).

*Anderson*, 25 F.3d at 706.

Here, defendant Shafer has not put forward any ground that would constitute cause and prejudice for his procedural default with respect to the issues raised in his § 2255 motion. Thus, the court concludes that defendant Shafer's procedural default as to his claims cannot be excused because he has not made any showing of cause and prejudice. Therefore, his motion is denied as to all but his ineffective assistance of counsel claims.

### 2. *Ineffective assistance of counsel claims*

Defendant Shafer also asserts claims of ineffective assistance of counsel. First, defendant Shafer asserts that his counsel was ineffective in not producing defendant Shafer's medical records which would have supported his claim for a downward departure for diminished capacity. Second, defendant Shafer asserts that his counsel was ineffective

4

in failing to keep defendant Shafer apprised of court dates in a timely manner. Third, defendant Shafer asserts that his counsel failed to keep him informed of the status of the government's appeal of his sentence. The court will consider each of these claims *seriatim*.

Defendant Shafer's claims of ineffective assistance of counsel presented in his § 2255 motion were not raised on direct appeal. However, claims of ineffective assistance of counsel normally are raised for the first time in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Martinez-Cruz*, 186 F.3d 1102, 1105 (8th Cir. 1999) (reiterating that ineffective assistance of counsel claims "are best presented in a motion for post-conviction relief under 28 U.S.C. § 2255); *United States v. Mitchell*, 136 F.3d 1192, 1193 (8th Cir. 1998) (noting ineffective assistance of counsel claims more properly raised in 28 U.S.C. § 2255 motion) (citing *United States v. Martin*, 59 F.3d 767, 771 (8th Cir. 1995) (stating ineffective assistance of counsel claims "more appropriately raised in collateral proceedings under 28 U.S.C. § 2255")); *United States v. Scott*, 26 F.3d 1458, 1467 (8th Cir. 1994) (declining to consider ineffective assistance of counsel claims raised for first time on direct appeal where claim not raised in a motion for postconviction relief pursuant to 28 U.S.C. § 2255). In order to prove a claim of ineffective assistance of counsel, a convicted defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). The court need not address whether counsel's performance was deficient if the defendant is unable to prove prejudice. *Apfel*, 97 F.3d at 1076 (citing *Montanye v. United States*, 77 F.3d 226, 230 (8th Cir.), *cert. denied*, 117 S. Ct. 318 (1996)); *see also Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997) (observing "[w]e need not reach the performance prong if we

determine that the defendant suffered no prejudice from the alleged ineffectiveness."). The Supreme Court has stated that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. The court now turns to its consideration of the specific claim of ineffective assistance of counsel raised in defendant Shafer's § 2255 motion.

### a. *Diminished capacity reduction*

Defendant Shafer initially asserts that his counsel was ineffective in failing to provide the court with copies of his medical records in order to bolster his request for a downward departure due to diminished capacity. United States Sentencing Guidelines § 5K2.13 expressly authorizes a downward departure "if the defendant committed the offense while suffering from a significantly reduced mental capacity."[1] "Significantly reduced mental capacity" is defined as "a significantly impaired ability to (A) understand

---

[1] At the time of defendant Shafer's sentencing, § 5K2.13 read as follows:

> A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL, § 5K2.13 (Nov. 2000).

the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 (Application Note). Diminished capacity is an exception to the general rule that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable range." U.S.S.G. § 5H1.3 (referring to subpart 5K2 as containing exceptions to the general rule). The court may depart on this basis as long as a defendant demonstrates, by a preponderance of the evidence, that (1) he suffered from a diminished capacity and (2) a defendant's diminished capacity "comprised a contributing factor in the commission of the offense." *United States v. Ruklick*, 919 F.2d 95, 96 (8th Cir. 1990)

Defendant Shafer has attached a number of medical reports concerning his mental and emotional condition, which the court has reviewed and carefully considered. Although these materials would have been of some use to the court at his sentencing, these medical reports do not justify a departure on the ground of diminished capacity. The presentence investigation report ("PSIR") prepared in this case fully noted that defendant Shafer had been receiving mental health care since 1995. PSIR at ¶ 64. In addition, the PSIR further noted that defendant Shafer had been diagnosed with post traumatic stress disorder and bipolar personality disorder, and that he had been prescribed several medications for these conditions. PSIR at ¶ 64. While the medical records defendant Shafer has provided to the court document these facts, none of these medical records document defendant Shafer's medical condition during 1999, the year in which all of the charged offenses occurred. Indeed, most of the medical records are from 1995, four years prior to the events in question, and therefore shed scant light on defendant Shafer's mental condition at the time of the charged offenses. Therefore, the court's decision to not grant defendant a downward departure would not have been altered by counsel's introduction of these

records at the time of defendant Shafer's sentencing. As a result, the court concludes that defendant Shafer is unable to prove that he was prejudiced by his counsel not presenting the medical records at the time of sentencing. Therefore, this part of defendant Shafer's motion is denied.

### b. *Keeping defendant Shafer informed*

Defendant Shafer next asserts that his counsel was ineffective because he failed to keep him apprised of court dates in a timely manner. Defendant Shafer contends that he lost one point for acceptance of responsibility as a result. Defendant Shafer received a two point reduction for acceptance of responsibility but did not receive the third point because he only notified the government of his intent to plead guilty after it had prepared for trial. *See* U.S.S.G. § 3E1.1(b). The flaw in defendant Shafer's argument is that he does not allege that he was ready to plead guilty at an earlier point in the proceedings. Defendant Shafer acknowledges that his counsel advised him that it was in his best interest to plead guilty in order to get the reduction for acceptance of responsibility. The court notes that defendant Shafer was scheduled to plead guilty on two prior occasions but did not do so for reasons that do not appear in the record. Thus, the court concludes that defendant Shafer is unable to prove that he was prejudiced by his counsel's actions. Therefore, this part of defendant Shafer's motion is also denied.

### c. *Informing defendant Shafer of appeal status*

Defendant Shafer further contends that his counsel was ineffective because he failed to keep him apprised of the government's appeal of his sentence. He asserts that, as a result, he lost time for preparing this § 2255 motion. Defendant Shafer, however, does not allege how he was prejudiced by his counsel's action since he was apprised of the government's dismissal of its appeal and was able to file this § 2255 motion in a timely manner. Therefore, this part of defendant Shafer's motion is also denied.

## *C. Certificate Of Appealability*

Defendant Shafer must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on this issue. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Shafer's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to Shafer's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## *III. CONCLUSION*

Defendant Shafer's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

9

Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 29th day of September, 2005.

*Mark W. Bennett*
_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

Copy mailed to Dennis Alvin Shafer on 09/29/05